ROBISON D. HARLEY, JR. SBN: 68984
Attorney at Law
825 N. Ross Street
Santa Ana, California 92701
Tel: (714) 972-8141
Fascimile: (714) 972-8107
E-Mail: rob.harley@sbcglobal.net

Attorney for Defendant
MOMOUD AREF ABAJI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MOMOUD AREF ABAJI,<br><br>    Defendant. | Case No. SA CR 13-0001-AG<br><br>DEFENDANT'S SENTENCING POSITION<br><br>Hearing Date:  January 8, 2018<br>Time:  1:30 p.m.<br>Judge:  Guilford<br>CtRm:  10D |

Pursuant to Rule 32 of the Federal Rules of Criminal Procedure the defendant, Momoud Aref Abaji, by and through his counsel of record, Robison D. Harley, Jr. hereby submits his sentencing position.

Respectfully Submitted,

DATED: December 25, 2017

                      /s/
                Robison D. Harley, Jr.
                Attorney for the Defendant

# TABLE OF CONTENTS

1.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

2.  THE PRESENTENCE REPORT CONTAINS NO FACTUAL ERRORS . . . . . . . . . . 5

3.  THE FINAL PSR RECOMMENDATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

4.  THE DEFENDANT OBJECTS TO THE 4 LEVEL UPWARD ADJUSTMENT
    PURSUANT TO U.S.S.G. § 2B1.1(b)(1)(K) BECAUSE THE EVIDENCE IS
    INSUFFICIENT TO SUPPORT THE TOTAL LOSS AMOUNT OF 10,047,272. . . 6

5.  THE DEFENDANT OBJECTS TO THE 20 LEVEL UPWARD ADJUSTMENT
    PURSUANT TO U.S.S.G. § 3B1.1(a) AS A LEADER OR ORGANIZER. . . . . . . . . 6

6.  THE COURT SHOULD DEPART / VARY DOWNWARD BASED ON
    INEFFECTIVE ASSISTANCE OF COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## 1. INTRODUCTION

On March 5, 2017, a jury found Abaji guilty of Counts 1, 2, 3, 5, 6, 7, 8, and 9 of the 11 - Count First Superseding Indictment. The jury found Abaji not guilty of Count 4. On January 14, 2016, Counts 10 and 11 were dismissed.

Count 1 charged defendant with a violation of 18 U.S.C. § 1349: conspiracy to commit bank and wire fraud from November 2007 to June 2009;

Count 2 charged defendant with violating 18 U.S.C. § 1343: wire fraud as a result of a $155,083 wire transfer on 9/12/08;

Count 3 charged defendant with violating 18 U.S.C. § 1343: wire fraud as a result of a $96,809 wire transfer on 11/3/08;

Count 5 charged defendant with violating 18 U.S.C. § 1343: wire fraud as a result of a $178,701 wire transfer on 3/5/09;

Count 6 charged defendant with violating 18 U.S.C. § 1343: wire fraud as a result of a $161,978 wire transfer on 3/16/09;

Count 7 charged defendant with violating 18 U.S.C. § 1343: wire fraud as a result of a $218,879 wire transfer on 7/15/09;

Count 8 charged defendant with violating 26 U.S.C. § 7201: tax evasion for failing to report $92,300 for the calendar year of 2008;

Count 9 charged defendant with violating 26 U.S.C. § 7201: tax evasion for failing to report $82,744 for the calendar year of 2009.

## 2. THE PRESENTENCE REPORT CONTAINS NO FACTUAL ERRORS

Pursuant to Section 6A1.2 of the Sentencing Commission Guideline, and Rule 32(e) of Fed. R. Crim. P., defendant was provided with a copy of the pre-sentencing report ("PSR"). Pursuant to Rule 32(f) the defendant must state in writing any objection to material information, sentencing guideline ranges, and policy statements contained in or omitted from the PSR. The defendant has no factual objections to any material information nor does he have any legal objections to the calculation contained in the PSR.

## 3. FINAL PSR RECOMMENDATION

The PSR calculated the base offense level of 7. Pursuant to U.S.S.G. § 2B1.1(b)(1), the loss amount was calculated to be $10,047,272 which mandates a 20 level upward adjustment pursuant to U.S.S.G. § 2B1.1(b)(1)(K) and another 2 level upward adjustment pursuant to § 2B1.1(b)(2)(A)(I) was added for a total specific offense characteristic of 22. Pursuant to U.S.S.G. § 3B1.1(a) defendant was found to be an organizer or leader of criminal activity that involved five or more participants which meant a 4 level upward adjustment for his role in the offense. His total adjusted offense level and his total offense level was 33 with a criminal history category of I for a Guideline Sentencing Range of 135 to 168 months.

## 4. THE DEFENDANT OBJECTS TO THE 4 LEVEL UPWARD ADJUSTMENT PURSUANT TO U.S.S.G. § 3B1.1(a)

The PSR reflects:

> Para. 18: From January 2008 to June 2009, co-conspirator Ali Mustafa Khatib (Khatib) owned and managed Event Marketing LLC, Faris Realty, Excel

Investments, Orange County Property Management, and other related companies involved in the sale of condominium units located in the United States. Khatib managed a group of employees and affiliates, including loan brokers, real estate agents, escrow officers, and office staff, among others.

Para. 19: Obagi, Tbakhi, Salah, and El Tahir worked at various real estate investment companies owned and managed by Khatib.

Immediately apparent from this organizational structure is that Ali Khatib, not the defendant, was the organizer or leader of the criminal activity. While defendant arguably was a manager or supervisor, he was never a "kingpin" or a "boss". Khatib exercised decision making authority over the defendant, claimed a larger share of the profits of the crimes and exercised a greater degree of control and authority over all others.

According, defendant warrants a three, not four, level upward adjustment for his role as a manager or supervisor in Khatib's Excel organization pursuant to U.S.S.G. § 3B1.1(b).

## 5. THE DEFENDANT OBJECTS TO THE 20 LEVEL UPWARD ADJUSTMENT PURSUANT TO U.S.S.G. § 2B1.1(b)(1)(K) BECAUSE THE EVIDENCE IS INSUFFICIENT TO SUPPORT THE TOTAL LOSS AMOUNT OF $10,047,272

The PSR States:

Para. 58: Abaji and his co-conspirators executed this scheme to purchase at least 76 properties that resulted in a loss to the lender, using false and fraudulent statements to induce the victim lenders to fund the transactions. The 12 lenders and secondary purchasers suffered losses of at least $10,047,272 as a result of delinquencies, defaults, and foreclosures on these properties. This loss amount includes any credits and payments made toward the loan principal on the properties and any recovery of the collateral.

Para. 59: Specifically, (1) HSBC Bank NA suffered a loss of $1,244,473 for loans associated with 12 properties; (2) Wells Fargo Bank NA suffered a loss of $2,077,564 for loans associated with 14 properties; (3) Bank of America NA suffered a loss of $2,020,526 for loans associated with 21 properties; (4) Ditech/GMAC suffered a loss of $477,034 for loans associated with three properties; (5) Freddie Mac suffered a loss of $600,307 for loans associated with five properties; (6) Frannie Mae suffered a loss of $760,066 for loans associated with five properties; (7) Guatanty Bank suffered a loss of $249,571 for loans associated with two properties; (8) JPMorgan Chase Bank NA suffered a loss of $502,395 for loans associated with three properties; (9) CitiMortgage, Inc. suffered a loss of $1,381,813 for loans associated with eight properties; (10) Mortgage America, Inc. Suffered a loss of $385,121 for loans associated with two properties; (11) Liberty Savings Bank suffered a loss of $186,920 for the loan associated with one property; and (12) Fifth Street Mortgage suffered a loss of $161,482 for the loan associated with one property.

Generally hearsay evidence may be used at sentencing but the Ninth Circuit has consistently required that some minimal indicia of reliability accompany a hearsay statement. *U.S. v. Petty,* 982 F.2d 1365, 1369 (9th Cir. 1993). Generally, the party seeking to adjust an offense level must establish that the adjustment is merited by a preponderance of evidence but the burden increases to clear and convincing evidence if the adjustment will have a disproportionate impact on the ultimate sentence imposed. *U.S. v. Gardenshire,* 784 F.2d 1277, 1280 n.3 (9th Cir. 2015).

Here the 20 level upward adjustment for loss amount is huge. By virtue of the loss amount alone, the guideline range for defendant goes from 0 - 6 months to 41 - 51 months. Thus the defendant objects to the $10,047,272 loss amount which includes unknown and unsupported amounts of delinquencies, defaults, and foreclosures. Without more specificity, the evidence is insufficient to support the total loss amount with reliable evidence by clear and convincing evidence.

## 6. THE COURT SHOULD DEPART / VARY DOWNWARD BASED ON INEFFECTIVE ASSISTANCE OF COUNSEL

There is authority for the district court to hold a hearing to determine whether to depart / vary downward based on counsel's ineffective representation. See e.g. *U.S. Rivera-Sanchez, 222 F.3d 1057, 1060-61 (9th Cir. 2000); U.S. v. Reyes-Platero,* 224 F.3d 1112, 1115-16 (9th Cir. 2000); *U.S. v. Harris, 230 F.3d 1054, 1059 (7th Cir. 2000).* In his Rule 33 motion, defendant has established numerous acts and omissions constituting ineffective assistance of counsel including but not limited to the following: (1) his counsel's disbarment proceeding which were on going during the entirety of defendant's case, (2) counsel's financial conflict of interest that caused counsel to avoid expenses that were necessary to effectively represent defendant, (3) and counsel's mental and physical health issues that rendered his representation ineffective. Counsel's numerous acts and omissions had a direct effect on the loss amount attributable to defendant, had a direct effect on his role in the offense, and had a direct effect on the inadequate development of any facts supporting a downward adjustment and or variance.

### CONCLUSION

After a hearing on all the sentencing issues, new counsel for the defendant will be requesting a sentence well below the presently recommended sentence of 135 months.

Dated: December 25, 2017            Respectfully submitted,

                                    /s/
                                    Robison D. Harley, Jr.
                                    Attorney for the Defendant
                                    Aref Abaji