1   ROBISON D. HARLEY, JR. SBN: 68984
    Attorney at Law
2   825 N. Ross Street
    Santa Ana, California 92701
3   Telephone: (714) 972-8141
    Facsimile: (714) 972-8107
4   Email: rob.harley@sbcglobal.net
5
6   ATTORNEY FOR DEFENDANT
    MOMOUD AREF ABAJI
7

8                   UNITED STATES DISTRICT COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  UNITED STATED OF AMERICA,              CASE NO.: 8:13-CR-00001-DC

12          Plaintiff,

13  vs.                                    OBJECTION AND ARUGEMENT
                                           AGAINST $12,003,528 LOSS AMOUNT
                                           PURSUANT TO USSG § 2B1.1
14  MOMOUD AREF ABAJI,
                                           DATE: NOVEMBER 1, 2021
15          Defendant                      TIME: 11:00 AM
                                           JUDGE: CARTER
16

17                          INTRODUCTION

18          Present counsel was not appointed to represent Abaji until long after his conviction

19  following jury trial on 2/5/16. Counsel represented Abaji at his original sentencing where he

20  objected to the then loss calculation amount of $10,042,638 and raised an ineffective assistance of

21  trial counsel motion at sentence which reduced Abaji's sentence from 121 month down to 108

22  months.

23

24          On appeal the Ninth Circuit applied the plain error standard of review to uphold his

25  conviction because his incompetent trial attorney never objected to any of those of appellate issues.

26  As to the loss amount under U.S.S.G. §2B1.1, the ninth circuit held that Abaji preserved his

27

28

                                          1

objection to the loss amount and reviewed and remanded for the sentencing court to use the two-step method for calculating loss pursuant to *U.S. v. Morris,* 744 F.3d 1373,1375 (9th Cir 2014).

The loss amount before the Ninth Circuit was established by Campbell's declaration which the court found insufficiently reliable to support the $10,042,638 to 10,047,272 loss calculation which involved 76 properties and 12 victims. Campbell also mentions an alternative loss calculation of approximately $12,000,000, which she arrived at by taking the principal loan amounts and subtracting the sale price on the short sales of the relevant properties (sold properties). She also based her opinion on an FBI database (FBI case file 010938.011882) (Dkt.494 p. 61 of 61)

On remand a brand-new FBI agent Luis Santisteban used the very same approach to establish loss amount. His loss calculation takes the principal amount of the relevant loans and subtracts the short sale price of the property serving as collateral for those loan or the amount that lender received from the short sales of those properties. The information used to determine the short sale amount was derived from public property records where possible and from a law enforcement database where records were not readily available. (Dkt. 707, pp 17-18)

## FACTS ON REMAND

Exhibit A of Campbell's declaration shows the last amount as of 5/14/18 of 10,042,638 involving 76 properties and 12 victims. (Dkt. 494-1 PP 1-7), Exhibit 1 of Santisteban's declaration show a loss amount as of 10/19/21 of $12,185,078 involving 109 properties and 19 victims. (Dkt. 707, pp 21-26)

//

//

//

2

**ARUGMENT**

**THE INFORMATION RELIED UPON BY THE GOVERNMENT TO SUPPORT THE NEW AND REVISED LOSS AMOUNT OF 12,185,078 DOES NOT HAVE SUFFICIENT INDICIA OF RELIABILITY TO SUPPORT ITS PROBABLE ACCURACY WITHIN THE MEANING OF USSG § 6A1.3 (a)**

The district court may utilize only "information [that] has sufficient indicia of reliability to support its probable accuracy" U.S.S.G. §6A1.3(a). The district court has an independent obligation to ensure that the sentence is supported by sufficient, reliable evidence. The government must provide the district court with more than just general invoices identifying the amount of their losses. *U.S. v. Hai Waknine* 543 F.3d 546,557 (9th Cir. 2008).

In establishing the facts, including approximations underlying a sentence, the district court can utilize only evidence that possesses sufficient indicia of reliability to support its probable accuracy. Although the district court can certainly rely on a government estimate, the court has the same obligation to ensure the information underlying the estimate possesses sufficient indicia of reliability to support its probable accuracy. The government is obliged to present sufficient reliable evidence to support its sentencing recommendation and the defense counsel is obliged to confront the government's evidence. Due process requires that some minimal indicia of reliability accompany a hearsay statement, even at sentencing. *U.S. v. Garcia Sanchez*, 189 F.3d 1143,1149-1149 (9th Cir. 1999).

Here Santisteban subtracted the short sale price of the properties by using information from unverified property records where possible and from a law enforcement database where those records were not readily available Dkt. 707, p 18 of 26. Never did he bother to run any title search which would have revealed the most recent tax assessment. Santisteban's failure is significant because § 2B1.1(E)(iii) states that in a case of fraud involving a mortgage loan, if the collateral

3

has not been disposed of by the time of sentencing, use the fair market value of the collateral as of the date on which guilt of the defendant has been established. (2/5/16) "In such case, there shall be a rebuttable presumption that the most recent tax assessment value of the collateral is a reasonable estimate of the fair market value" §2B1.1(E)(iii).

Instead Santisteban relied on some unknown, undisclosed, unreliable and unauthenticated law enforcement database to support his conclusion. The defense specifically disputes the new loss amount of $12,185,078 as well as the number of properties and the number of victims.

### CONCLUSION

At sentencing the court must- for any disputed or controverted matter- rule on the dispute. Fed R. Crim p. 32 (i)(3)(B). The court must resolve all factual dispute including loss amount. *U.S. v. Snipe*, 515 F.3d 947, 955 (9th Cir. 2008). When either party disputes the proper amount of resolution or loss, the court must resolve the dispute by the preponderance of the evidence and that meets a threshold level of adequacy. *U.S. v. Tsosie*, 639 F.3d 1313,1221 (9th Cir. 2011). Here the Ninth Circuit has already ruled that Campbell's declaration was too summary and too conclusory to be sufficiently reliable. If follows that Santisteban's declaration which relies on the same FBI database and evidence to support his loss calculation should be held to be insufficiently reliable to support the accuracy of his estimated loss amount. Whenever the alleged loss is not quantifiable to any degree of certainty, the governments burden is not satisfied and no restitution amount or loss amount should be ordered. *U.S. v Stratos,* 2017 U.S. Dist. Lexis 8355 (E.D. Cal. 2017).

//

//

//

//

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In defendants' case no loss amount should be ordered or, in the alternative, if any loss amount had been established by Knudson's declaration, then that loss calculation of $53,935 has the sufficient indicia of reliability required to establish the loss amount pursuant to U.S.S.G. §2B1.1.

Dated: 10/29/2021

_Robison D. Harley, Jr._

Robison D. Harley, Jr.
Attorney for Defendant

5